## SAMUELS *v.* THE STATE.

103    3
126    419

1. As matter of law, a battery committed with a rock or other heavy instrument, whereby the skull of the person assaulted is fractured and his life endangered, can not be justified because of the use by the latter of opprobrious words or abusive language to the person inflicting the battery. Section 103 of the Penal Code is not applicable to batteries committed with deadly weapons used in a manner calculated to produce death.
2. The charges complained of are substantially in accord with the law as above laid down, and, though in some respects not entirely free from criticism, afford no cause for granting a new trial.
3. The evidence warranted the verdict.

Argued October 14, — Decided November 15, 1897.

Indictment for assault and battery. Before Judge Ross. City court of Macon. June term, 1897.

*John R. Cooper*, for plaintiff in error.
*Robert Hodges, solicitor-general*, contra.

FISH, J.   Archie Samuels was convicted of assault and battery.   He moved for a new trial, upon the grounds that the verdict was contrary to law and the evidence, and because the court erred in charging the jury as follows:   "On the issue of assault and battery, abusive language, without more, will not be a valid, legal defense to a battery with a rock, or other instrument of a like kind, where the battery is sufficiently excessive to satisfy the jury that the person inflicting it intended to commit and did commit a serious physical injury upon the person beaten, such as the breaking or crushing of the skull. Therefore if the jury is convinced that the defendant, with a rock or other instrument of like kind, struck the person alleged to have been beaten with such force that the person's skull was broken or crushed to the extent and in the manner testified to by the physician, the jury would not be authorized to justify such battery solely upon the ground that the person beaten used to the defendant opprobrious words and abusive language, because such language alone, without other provocation, would not justify such a battery."   Also, "If the jury believes that no such language was used, or if used that it was the only provocation for the battery, and that the battery was excessive and disproportioned to it, the jury would not be authorized to justify the battery and acquit the defendant because of such language."   His motion for a new trial was overruled, and he thereupon excepted.

Although under section 103 of the Penal Code a simple assault and battery may, when not disproportioned to the provocation given, be justified by opprobrious words, yet it is well settled by a number of decisions of this court that a battery committed with a deadly weapon, used in a manner likely to produce death, can not be justified by abusive language, however irritating or provoking it may be.   Human life is too sacred to be endangered for such cause.   See *Nixon* v. *State,* 101 *Ga.* 574, and cases there cited.   While the charges complained of, in some respects, are not entirely free from criticism, they are substantially in accord with the law applicable to the case, and afford no cause for granting a new trial.   The evidence warranted the verdict.

*Judgment affirmed.   All the Justices concurring.*